```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GEORGE BROWN                    *         CIVIL ACTION

VERSUS                          *         NO: 07-1016

FIDELITY AND DEPOSIT COMPANY    *         SECTION: "D"(1)
OF MARYLAND, ET AL
```

## ORDER AND REASONS

Before the court is the **"Motion for Summary Judgment"** filed by Defendant, Fidelity and Deposit of Maryland (F&D). ***No memorandum in opposition was filed.*** The motion, set for hearing on Wednesday, May 9, 2007, is before the court on Defendant's brief, without oral argument. Now, having considered the memorandum of F&D's counsel, the record, and the applicable law, the court finds that the motion should be granted.

In this Hurricane Katrina related matter, Plaintiff George Brown alleges that his residence located at 2531 Sage Street, New Orleans, Louisiana, was substantially damaged by wind, wind-driven rain and flood. Plaintiff also alleges that F&D "was the homeowners' insurance carrier for [said residence] based on information and belief, the policy number is LRE450021788;" F&D

arbitrarily denied Plaintiff's claim to pay policy payments; and F&D breached its duty to reasonably investigate the claim and pay the undisputed damages. (*See* Complaint, ¶¶ I & X). Plaintiff sues F&D for, *inter alia*, failure to pay under LSA-R.S. 22:658, and for breach of duty under LSA-R.S. 22:1220. (*Id.* at XI).[1]

However, based on the Affidavit of David S. Williams, Vice President of ZC Sterling Insurance Agency,[2] "no claim has been filed by George Brown relating to any policy issued by Fidelity." (*See* F&D's Ex. 1, Williams Affidavit at ¶3). Mr. Williams further attests that:

> ... the lender-placed insurance policy number

---

[1] Plaintiff also names as a Defendant "Conseco Financial Services, Inc." Plaintiff alleges that Conseco "was the mortgage company servicing the first mortgage on the plaintiff's insured property. Also, CONSECO had secured the placement of insurance with Defendant, Fidelity. The premiums for the Fidelity policy were paid from Conseco's escrow account." (Complaint at ¶III).

Plaintiff further alleges that:

Based on information and belief, Plaintiff paid premium from his escrow account to purchase homeowners' coverage provided by FIDELITY in effect on August 29, 2005. In the alternative, CONSECO was negligent in not securing the insurance coverage of failing to inform Plaintiff the insurance coverage had lapsed.

(*Id.* at VIII).

In Plaintiff's First Supplemental and Amending Complaint, Plaintiff substitutes CONSECO SECURITIES, INC. in place of CONSECO FINANCIAL SERVICES, INC. (*See* First Supplemental and Amending Complaint, Doc. No. 8, ¶IIA).

[2] In this capacity, Mr. Williams attests that it is his responsibility to oversee the handling of claims associated with F&D, and he has access to information relating to policies issued by Fidelity. (Williams Affidavit at ¶2).

>LRE450021788 was issued to named mortgagee George Brown by Fidelity for the period of April 4, 2002 to April 4, 2003.  This policy was subsequently canceled effective October 3, 2002.  No renewal of the policy was issued.
>
>No other policy has been issued by Fidelity insuring 2531 Sage Street, New Orleans, Louisiana or George Brown.

(*See* Williams Affidavit at ¶¶4 & 5; *see also* F&D's Ex. 2, a copy of F&D Policy No. LRE450021788).

Thus, the court finds that there is no genuine issue of material fact, and F&D is entitled to judgement as a matter of law, and accordingly;

**IT IS ORDERED** that the **"Motion for Summary Judgment"** filed by Defendant, Fidelity and Deposit of Maryland, dismissing Plaintiff's claims against Fidelity and Deposit of Maryland.

New Orleans, Louisiana, this **4th** day of **May, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

3